IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ANNE MARTINEZ, individually and on behalf of all other persons similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:07CV188 |
| REGISTERFLY, INC., UNIFIEDNAMES INC., HOSTING SERVICES GROUP INC., KEVIN MEDINA, in his personal capacity and as an agent of RegisterFly, Inc. and as an agent of Unifiednames Inc., JOHN NARUSZEWICZ, in his capacity as an agent of both Unifiednames and RegisterFly, ENOM, and ICANN, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**SHARP, Magistrate Judge**

This matter is before the Court on Defendant eNom's Motion to Dismiss or Transfer. (Pleading No. 37.) Also pending are Plaintiff's Motion for Preliminary Injunction (Pleading No. 18), Motion for Class Certification (Pleading No. 13) and Motion for Appointment of Lead Counsel (Pleading No. 11). For the reasons noted in this Memorandum Opinion and Order, the Court will not address Plaintiff's motions at this time. Defendant eNom's motion has been fully briefed and is ready for a ruling.

**Procedural History**

On March 13, 2007, Plaintiff filed a Complaint on behalf of herself and a class of similarly situated individuals, against Defendants, entities and individuals who provide certain domain name registration services. (Pleading No. 1, Complaint ("Compl.").) Contemporaneously with filing her Complaint, Plaintiff sought a temporary restraining order against Defendants. (Pleading No. 5.) After hearing argument by Plaintiff's counsel and, subsequently, by both Plaintiff's counsel and counsel for Defendant ICANN, on March 20, 2007, the undersigned Magistrate Judge recommended that Plaintiff's motion be denied without prejudice. (Pleading No. 17.) The district court adopted the recommendation on March 23, 2007. (Pleading No. 22.)

By this time in the litigation, Plaintiff has taken a voluntary dismissal as to Defendant ICANN. (Pleading No. 40.) The Clerk's office has entered defaults against Defendants Registerfly, Inc., Hosting Group Services, Inc., UnifiedNames, Inc. and Kevin Medina based on their failure to plead or defend as required by the Federal Rules of Civil Procedure. (Pleading No. 53.) Plaintiff's claims against Defendant John Naruszewicz have been dismissed without prejudice for Plaintiff's failure to serve Naruszewicz. (Pleading No. 56.)

The parties have consented to the jurisdiction of the undersigned Magistrate Judge to conduct all pretrial and trial proceedings. (Pleading No. 55.)

**Factual Background**

Plaintiff Martinez is a resident of North Carolina who operates a web-based business as a sole proprietor. (Compl. ¶ 8.) Ms. Martinez was a customer of RegisterFly in connection with several domain names she transferred to RegisterFly's reseller's account from other registrars. (*Id.* ¶¶ 33, 35, 47.) Ms. Martinez asserts a variety of legal claims against the Defendants arising from her attempt in March 2007 to transfer her domain names to another registrar. (*Id.* ¶ 37.) Her transfer failed because she was not listed in the Whois.com database as the registrant or as the administrative contact. (*Id.* ¶¶ 37, 40.) Ms. Martinez alleges that RegisterFly, through its officials and without her permission, substituted itself as the registrant and administrative contact of record, depriving her of her domain names and her ability to manage them. (*Id.* ¶ 46.) As to defendant eNom, she claims that eNom failed to police RegisterFly, failed to intervene to provide authorization codes, breached implied duties of good faith and fair dealing, engaged in deceptive practices, and conspired with RegisterFly to deprive her of the ability to manage her account. (*Id.* ¶¶ 108, 180-86, 195-98, 203-21.)

ICANN, an entity that has been dismissed as a Defendant in this case, is a non-governmental entity that regulates the domain name registration business. Defendant eNom is an ICANN-accredited Internet domain name registrar with its corporate headquarters in Bellevue, Washington. (Compl. ¶ 15.) RegisterFly, a non-licensed entity, operated as a reseller of eNom's registration services. (*Id.* ¶¶ 3, 85-86, 91-92, 109, 119.) To become a

reseller of eNom's domain name registration services, RegisterFly entered into eNom's Reseller Agreement in 2000. (Pleading No. 38, Decl. of John Kane ("Kane Decl.") ¶ 2.) The Reseller Agreement describes the services eNom provides to RegisterFly; specifies that RegisterFly is responsible for providing customer service, billing and technical support to its customers; and classifies RegisterFly as an independent contractor. (*Id.*, Ex. 1.)

Defendant eNom requires its resellers, including RegisterFly, to require their registrant customers to consent to the terms and conditions of eNom's Registration Agreement. (*Id.,* Ex. 2.) The RegisterFly Agreement binds customers to eNom's terms and conditions in two ways: (a) by stating that where RegisterFly acts as a reseller for a registrar, customers are "bound by all terms and conditions" of that registrar; and (2) by directing customers through a hyperlink to eNom's terms and conditions. (Kane Decl. ¶ 3; Compl., Ex. 32 at 1.) Among other things, the eNom terms and conditions provide that

> [A]ny action brought by [customer] to enforce this Agreement or any matter brought by [customer] and which is against or involves [eNom] and which relates to [customer's] use of the Services shall be brought exclusively in the United States District Court for the Western District of Washington, or if there is no jurisdiction in such court, then in a state court in King County, Washington state.

(Kane Decl. ¶ 3, Ex. 2 at 6.)

## Analysis

Defendant eNom moves to dismiss or transfer this case based on the forum selection clause contained in the terms and conditions of eNom's Registration Agreement.

A motion to dismiss based on a forum selection clause is properly treated under Rule 12(b)(3) as a motion to dismiss on the basis of improper venue. *Pee Dee Health Care, P.A. v. Sanford*, 509 F.3d 204, 209-10 (4th Cir. 2007) (*citing Sucampo Pharm., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006).) A forum selection clause is *prima facie* valid and is presumed to be enforceable. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *see also Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996). This presumption may be overcome only by a clear showing "that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." 407 U.S. at 15. The party contesting the clause must show that (1) the clause was the result of "fraud or overreaching"; (2) trial in the contractual forum would be "so gravely difficult and inconvenient" that, for practical purposes, it would deprive the party of his day in court; or (3) "enforcement would contravene a strong public policy" of the forum state. *Id.* at 15-18.

Ms. Martinez does not dispute that she entered into the RegisterFly Agreement. She does, however, question the version of eNom's terms and conditions filed by eNom with its motion, attacking the authenticity of the document based on the date appearing on it -- "7 May 2007 edition." This argument is meritless. The document attached to the Kane Declaration has been in effect since November 16, 2005, before Ms. Martinez last renewed her Agreement with RegisterFly. (Compl. ¶ 47 (4); Kane Decl. ¶ 3.) In choosing to use RegisterFly's services, Ms. Martinez not only bound herself to RegisterFly's terms and

-5-

Case 1:07-cv-00188-JAB    Document 61    Filed 03/06/08    Page 5 of 6

conditions, but to eNom's terms and conditions. Indeed, she acknowledges and relies on her contractual relationship with eNom in her Complaint. (Compl. ¶¶ 180-82.) Plaintiff has failed to overcome the presumption of validity of that clause by showing that the clause is unreasonable or unjust. Plaintiff has shown no basis for avoidance of the clear and unambiguous terms of the forum selection clause which identifies the exclusive forum for this action as the United States District Court for the Western District of Washington. The Court will enforce the valid forum selection clause.

## Conclusion

For the foregoing reasons, **IT IS ORDERED** that eNom's Rule 12(b)(3) Motion to Dismiss (Pleading No. 37) is **GRANTED**. Dismissal is without prejudice to Plaintiff's right to file in the proper forum.

**IT IS FURTHER ORDERED** that within 30 days Plaintiff shall file a status report, advising the Court of what further proceedings she requests in this action. The Court notes that only four Defendants remain in the case, and defaults have been entered against all four. Class action procedure would appear to be problematic in these circumstances, and it is unclear what relief Plaintiff may seek from the defaulting Defendants.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: March 6, 2008